CLARENDON v. WALKER.

Opinion delivered November 28, 1903.

1. MUNICIPAL CORPORATION—ANIMALS RUNNING AT LARGE—REPEAL OF STATUTE.—Acts 1895, c. 137, entitled "An act to protect stock raising, and to regulate the impounding of stock in cities and towns," which forbids the impounding of stock known to belong to nonresidents, was impliedly repealed by Acts 1899, c. 133, entitled "An act to authorize all cities and towns [in certain senatorial districts] to restrain the running at large therein [of] certain animals, and to provide a penalty for the enforcement of the same," so far as the former act related to the territory affected by the latter act, which covers the entire subject, and omits the restriction as to impoundment of stock of nonresidents. (Page 10.)

2. MUNICIPAL ORDINANCE—PASSAGE.—A municipal ordinance was legally passed at the same meeting of the council at which it was introduced where the rules were suspended for that purpose by unanimous consent, although one member voted against the passage of the bill. (Page 11.)

Appeal from Monroe Circuit Court.

GEO. M. CHAPLINE, Judge.

Reversed.

*Thomas & Lee,* for appellants.

The ordinance was not invalid. Acts 1899, 218, 219. The act of 1899 repealed that of 1895. Ordinances have no force beyond the corporate limits. 17 Am. & Eng. Enc. Law, 254; 7 Lea, 441.

*H. A. & J. R. Parker,* for appellees.

The act of 1899 being a general act for the purpose of regulating the "impounding of animals in cities or towns," and that of 1895 being a special act to "protect stock raising," the former does not repeal the latter. 50 Ark. 137; 53 Ark. 417; 69 Ark. 517.

The city had no power to pass an ordinance which would work a confiscation of property. *Cf.* 5 Ark. 409; 9 Ark. 337; 10 Ark. 225; 43 Ark. 545; 24 Ark. 337; 33 Ark. 816; 11 Mich. 147; 24 Ark. 175-6; 4 Ark. 220; 27 Ark. 26; Cooley, Const. Lim., 431, 434, 444, 445. Ordinances can bind, criminally, only those within the corporate limits. Dill. Mun. Corp. § 355; Tied. Mun. Corp. § 153. Ordinances must be reasonable. Dill. Mun. Corp. § § 319, 320, 322; Tied. Mun. Corp. § § 150, 151, 152. The marshal had no power to sell the property upon the notice given. 44 Ark. 132; 65 Ark. 90; 18 Wall. 350; 51 Ark. 34. The power of impounding should not have been delegated. 1 Den. 199; 1 R. I. 219.

RIDDICK, J. This is an action of replevin brought by J. W. Walker against the town marshal of the town of Clarendon to recover certain hogs belonging to him which the marshal had seized and impounded because they were found at large on the streets of the town. The only question in the case is whether the marshal had the authority to seize and impound hogs of nonresident owners found wandering on the streets of the town. Counsel for Walker contends that a city has no right to confiscate the hog or the horse of a nonresident found at large, or to fine the owner of such animal for permitting it to run at large on the streets. But these questions do not arise in this cause, for the city has not sold or attempted to sell or confiscate the hogs in·question. No fine has been imposed upon the owner for permitting them to run at large on the streets. The provisions of the ordinance giving the town the right, under certain circumstances, to sell animals which had been impounded for running at large on the streets may or may not be valid, but, if we concede that the argument of counsel on those points is sound, it ·does not follow that the whole ordinance is void, and that the town had no right to seize the hogs of the plaintiff. These hogs were seized while at large on the streets. The owner was notified at once, and told that he could have the hogs upon paying the fees for impounding. He declined to do so, not on the ground that the fees were exorbitant, but on the ground that the town had no right to impound his hogs, and he immediately brought this action of replevin; so, as before stated, the only question here is whether or not the seizure by the town was lawful or not.

On the trial in the circuit court the presiding judge held that the act of 1895 expressly provides that it shall be unlawful for any officer of a city or town to take charge of or impound any farm animal of the kind mentioned in the act, if known by the officer to belong to a person residing outside of the town limits, but makes it the duty of such officers to drive such animals beyond the city limits. And the judge further found that the provision of the act mentioned had never been repealed, and was still in force. He therefore held that the seizure of the hogs was unlawful, and gave judgment in favor of the plaintiff.

Counsel for the town contends that the statute of 1895, upon which the decision of the circuit court is based, was impliedly repealed by the subsequent act of 1899. Whether a statute has been impliedly repealed by the enactment of a subsequent statute pertaining to the same subject is often a difficult matter to decide, and the question here may not be free from doubt. The act of 1895 (c. 137) was entitled "An act to protect stock raising, and to regulate the impounding of stock in cities and towns, and for other purposes." But an inspection of the act will show that it deals only with the subject of impounding stock. The only way that it can be said to protect stock raising is that it, as before stated, forbids the impounding of stock known to belong to persons not living in the town or city. The act of 1899 (c. 133) is entitled "An act to authorize all cities and towns" in certain senatorial districts of the state "to restrain the running at large therein [of] certain animals, and to provide for a penalty for the enforcement of the same." An inspection of the two acts will show that they not only cover the same subjects, but that the person who drew the last act must have had the first-named act before him, for certain portions of the last act were evidently copied from the first act. The second section of the last act is a copy of the first section of the prior act, with only such changes as were necessary to harmonize with other portions of the last act. The first act, as before stated, expressly forbade cities and towns to impound the stock of nonresidents if that fact was known. The last act gives certain cities and towns of the state the power to restrain the running at large therein of any animal of the kind mentioned in the act. It omits the section forbidding the impounding of the animals of nonresidents, but

expressly forbids any officer of such town from driving or tolling animals into the city limits for the purpose of impounding them. It seems to us that the legislature recognized the fact that under this act these cities could impound the animals of nonresidents, and added this provision forbidding the officers of such cities from tolling these animals into the city for the purpose of impounding them, as a protection for such owners of stock. After a consideration of both of these acts, it seems clear to us that the main purpose of the latter act was to give power to the cities and towns referred to in the act to impound animals found running at large on the streets, and that the effect of it was to repeal the contrary provision found in the former act, as to such cities and towns.

It is also said that the ordinance under which these hogs were impounded was passed at the same meeting of the council at which it was introduced, and that under the rules no ordinance could be thus passed except by unanimous vote. But it appears from the records at the meeting that the rules were suspended, and the consideration of this matter taken up by unanimous consent. Though one member of the council voted against the passage of the ordinance, yet he as well as the other members of the council present voted for the suspension of the rules and to put the bill on its final passage, and we think that this sufficiently complied with the rules.

On the whole case, we think that the ordinance was valid, and that no good reason appears why the seizure of the hogs should be held to be illegal. We are therefore of the opinion that the court erred in rendering judgment in favor of plaintiff.

Judgment reversed, and cause remanded for new trial.