## McKenzie v. Newton.

### Opinion delivered March 8, 1909.

1. Municipal corporations—authority to impound cattle.—Under Kirby's Digest, § § 5450, 5451, municipal corporations are impowered to provide for the impounding of certain animals when found "running at large" within their corporate limits. (Page 567.)

2. Same—impounding statute—when animals at large.—Animals are "running at large" within the limits of a city if they are within such limits without being under the control of any one, without regard to whether the owner was at fault in permitting their escape or in not making diligent search for them thereafter. (Page 567.)

3. Same—impounded stock—recovery.—One whose animal is taken up by virtue of an impounding ordinance is authorized to retake same within twenty-four hours without paying any fee or expenses for impounding same, but after that time before he can recover possession he must pay the actual expenses incurred in taking care of the animal. (Page 567.)

4. Same—expense of keeping impounded stock.—Under Kirby's Digest, § 5451, authorizing the owner of an impounded animal to recover same upon the payment of the actual expenses incurred in taking care of said animal, the owner of an impounded animal is required only to pay the actual expenses for the keeping of his animal, as provided by the ordinance, and is not required to pay a fee provided by such ordinance "for the seizure" of such animal. (Page 568.)

5. Evidence—judicial notice—natural boundaries.—The court will take judicial notice that the city of Fort Smith is bounded on the west by the Arkansas and Poteau rivers. (Page 568.)

6. Municipal ordinance—validity.—A municipal ordinance fixing the stock limits of the corporation is not void because such limits extend beyond the corporate limits, the ordinance being inoperative only so far as it extends the stock limits beyond the corporate limits. (Page 568.)

Appeal from Sebastian Circuit Court; *Daniel Hon*, Judge; reversed.

### STATEMENT BY THE COURT.

This is a suit by appellee to replevy a certain bull from appellant, who held the same as keeper of the pound in the city of Ft. Smith. The bull was found running at large within the stock limits as designated by an ordinance of the city of Ft. Smith. The proof showed that the animal was legally impounded. A section of the ordinance provided that the chief of police "shall cause to be kept impounded such animals seized for the period of five days, subject during that time to be claimed by the owner or his agent upon the payment * * * of the amount of all costs incurred in taking up, keeping and advertising thereof, which shall be as follows: Fifty cents each for the seizure of each and every head of cattle, and fifty cents per day for keeping of each such animal." The bull was put in the pound Wednesday afternoon. There was evidence tending to show that the owner was notified the next morning. Saturday morning following he made a demand for the bull. The pound-keeper refused to let the owner have the animal unless he would pay the charges for impounding, which were placed at one dollar, and the charges for feed amounting to one dollar. The owner refused to pay these charges. He did not offer to pay the amount for the feed of the animal while impounded. The bull escaped from the pasture of the owner where he had been confined. The owner did not suffer him to run at large. There was evidence tending to show that the bull escaped without any fault on the part of the owner. The owner was a farmer, and lived beyond the city limits. There was evidence tending to show that he made diligent search for the animal. The court gave the following instructions:

"1. Under the ordinance the chief of police, under the direction of the mayor, shall appoint some suitable and competent person to seize and impound stock found at large within the city limits as designated by the ordinance.

"2. The city of Ft. Smith has the right to demand and collect one dollar for the seizure of each and every head of cattle found running at large within the stock limits, and the city has

the right to collect the expense of taking care of said animals while in the city pound.

"3. If the jury find from the evidence that the plaintiff permitted the animal to run at large, and it was found within the stock limits of the city of Ft. Smith, it was the duty of the defendant to impound it, and the plaintiff can not recover unless he has paid the pound fees.

"4. If the plaintiff exercised ordinary care and diligence in restraining the animal from running at large, but, without fault on his part, it escaped, and he made a diligent search for it, the animal cannot be said to have been running at large.

"5. If the pound fees have not been paid, and if the animal was found running at large in the city of Ft. Smith, and plaintiff has not exercised ordinary care and diligence in restraining it from running at large, and through plaintiff's fault the animal escaped, and plaintiff did not make diligent search for it, your verdict should be for the defendant."

Appellants objected to the giving of the second, third and fourth, and duly excepted to the ruling of the court in overruling his objection. Appellant asked and the court refused the following prayer:

"No. 6. The defendant, Loney McKenzie, is entitled to recover from plaintiff a reasonable amount for feeding and taking care of the bull while in the city pound."

The appellant duly objected and excepted to the court's ruling.

The verdict was in favor of appellee. Judgment was entered accordingly, and this appeal was taken.

*J. F. O'Melia,* for appellant.

1. Cities are expressly authorized by statute to prevent the running at large within their corporate limits of cattle, horses, mules, etc., in violation of any ordinance passed by such cities in conformity with the act. Kirby's Digest., § 5450. The right of the cities and towns under this statute has been upheld by this court. 72 Ark. 8; 46 Ark. 296; 76 Ark. 443.

2. The city ordinance fixes the sum of fifty cents for the seizure of each head of cattle running at large; hence second instruction is erroneous.

3. The fourth instruction is in conflict with § 5450, Kirby's Dig.

*T. S. Osborne* and *W. H. Dunblazier,* for appellee.

The ordinance provides that no horses, cattle, etc., shall be *suffered* or *permitted* to run at large within the limits described. Being penal in its nature, it must be strictly construed. The evidence shows that this animal was at large without the knowledge or consent of the owner, and that as soon as he learned that it was gone from his inclosure he commenced a diligent search, and on finding it demanded its return. There is, therefore, here no running at large, within the meaning of the ordinance, and no violation of the ordinance. 19 Conn. 501 ; 63 Ill. 88.; 25 Ill. 632 ; 1 Ind. App. 222 ; 124 Ind. 499 ; 4 Ind. App. 230 ; 46 O. St. 272.

Wood, J., (after stating the facts). The ordinance of the city of Ft. Smith authorizing the impounding of animals therein enumerated when "found running at large within the city limits as specified" is a valid police regulation. *Ft. Smith* v. *Dodson,* 46 Ark. 296. The legislative sanction for such ordinances is contained in sections 5450, 5451, Kirby's Digest. The court in *Benton* v. *Willis,* 76 Ark. 443, held that both of these sections were in force, the former giving in general terms the power to impound, and the latter prescribing the method of procedure. Instruction numbered four was erroneous. Under this instruction appellee could recover if he exercised ordinary care in restraining the animal, and if the animal escaped without fault on his part, and he made a diligent search for it. Under the statute (sections 5450 and 5451), the animals are "running at large" if they are within the corporate limits without being under the control of any one. See *Clarendon* v. *Walker,* 72 Ark. 8 ; *Benton* v. *Willis,* 76 Ark. 443. And the city officers, designated for the purpose, are authorized, when such is the case, to impound them, regardless of whether or not the owner was at fault in permitting their escape or in not making diligent search for them thereafter.

We held in *Benton* v. *Willis, supra,* that a person living outside the town limits having stock taken up under the ordinance, had the right to the possession of same upon demand made within twenty-four hours, without paying any fee for impounding same. Here the owner, appellee, although notified,

did not make demand for his bull within the twenty-four hours prescribed by the statute. This must be the time under any ordinance within which the owner of animals impounded under authority of sections 5450 and 5451 *supra* shall demand same before he can recover without the payment of the actual expenses incurred in taking care of them. The facts in this case made it incumbent upon the owner, before he could recover his bull, to pay the actual expenses incurred in taking care of him. See *White* v. *Clarksville*, 75 Ark. 340.

The officer could only charge the amount prescribed by the ordinance "for keeping" of such animal.

The instructions of the court numbered two and four were therefore erroneous. Number five was not objected to. The verdict was not sustained by the evidence. The judgment is therefore reversed, and the cause remanded for new trial.

### ON REHEARING.

### Opinion delivered March 29, 1909.

Wood, J. The testimony shows that appellee's bull "was inside the stock limits as defined by the ordinance in the north part of the city." The ordinance sufficiently described the stock limits. The starting point was on Poteau River on a line with Emma Street. Thence the directions were given according to certain objects which are designated, the general direction from the starting point being first east, thence north, thence west to the Arkansas River. As the last call was the Arkansas River, it was unnecessary to continue the description by saying, "from the point where the line reaches the Arkansas River to the point of beginning in the Poteau River." The court will take judicial cognizance of the fact that the Arkansas and Poteau rivers bound the city on the west. They are natural boundaries that the court will take notice of. If the stock limits extended to these rivers on the western part of the city, it would be wholly immaterial that the rivers were beyond the corporate limits. For that would only show that the stock limits in that direction were at least, co-extensive with the corporate limits. Because the council fixed the stock limits to include territory outside the corporate limits would not render the district or "stock limits" inside thereof

void. It is not pretended that this bull was found beyond the corporate limits or within the alleged strip outside those limits. The only contention on this point is that the limits as designated were void. We do not think so. The ordinance is a direction to the officers that they prevent certain animals from running at large. As to whether the owners have to pay the penalties for impounding depends upon whether they have been diligent in making search after their stock have escaped. But the statute itself makes ample provision for the diligence of the owner in the twenty-four hours allowed him to make demand for his animal. If he has not made demand in that time, having been notified, he is in no position to complain. He is not diligent.

Overruled.