ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY *v.* STATE.

Opinion delivered February 7, 1910.

LIQUORS—AUTHORITY OF CHANCELLOR TO SUPPRESS ILLEGAL SALES.—Under act of February 13, 1899, authorizing chancellors and certain other judges to issue search warrants to discover liquors shipped into prohibition districts to be sold contrary to law, a chancellor is not authorized to issue an order forbidding a common carrier to deliver liquor within his chancery district at night except to an officer of the law and to no one except the officer of the law until six hours after written notice is given to the sheriff, and to deliver to no one except to the party to whom the liquor was consigned or to the officers.

Appeal from Washington Chancery Court; *T. Haden Humphreys,* Chancellor; reversed.

*W. F. Evans* and *B. R. Davidson,* for appellant.

1. The chancery court was without jurisdiction to make the

order appealed from. Art. 7, § 15, Const.; § 5137, Kirby's Dig.; 5 Ark. 303; 6 *Id.* 318; 11 *Id.* 598; 20 *Id.* 136; 27 *Id.* 675; 34 *Id.* 188; 56 *Id.* 391; 80 *Id.* 145; 36 Pac. 807; 65 Ark. 410; 81 *Id.* 330; 149 U. S. 157.

*Hal L. Norwood,* Attorney General; *Wm. H. Rector,* Assistant, and *D. B. Horsley,* Prosecuting Attorney, for appellee.

A court of equity has authority to abate nuisances. Fletcher, Eq. Pl. & Pr., § 49; 43 Am. Dec. 773; 1 Pomeroy Eq. Jur., § 257; 2 Redfield, Law of Railways, § § 215, 216; 1 Abbott, Mun. Corp., § 130; Wood, Law of Nuisances (2 ed.), § 777; 123 U. S. 623; 134 U. S. 33; 144 U. S. 548; Black, Intox. Liquors, § § 54, 343, 344; 89 Ark. 175; 85 Ark. 544. Also to restrain existing or threatening public nuisance. 4 Pomeroy Eq. (3 ed.), § 1349; 10 Ill. 351; 143 Ind. 98; 16 Gray (Mass.) 245; 149 Mass. 550; 29 L. R. A. 732; 24 N. J. Eq. 89; 18 L. R. A. 646; 46 L. R. A. 552; 45 Wis. 425; 87 Ill. 450; 2 Green (N. J. Eq.) 136; 28 Kans. 726; 158 U. S. 564.

The act of February 13, 1899 (Kirby's Dig., § 5137), in effect declares the shipping of intoxicating liquors into a prohibited district for the purpose of unlawful sale to be a public nuisance. The chancery court therefore had jurisdiction. 72 Ark. 171.

BATTLE, J. On March 11, an affidavit was filed before the chancellor, alleging that there were some ardent, vinous, malt or fermented liquors in the depot at Johnson, in Washington County, Arkansas, shipped into a prohibited district for the purpose of sale. A writ was issued by the chancellor on said date, commanding the sheriff to search for and seize the liquors, on which a return was made showing that he had seized two boxes of intoxicating liquors.

On March 12, the chancery court made an order reciting that the chancellor had issued the writ on March 11, that the sheriff had seized two cases of liquors in the possession of the St. Louis & San Francisco Railroad Company and the Wells Fargo & Company Express, billed to Tom Dott, which the court found to be a fictitious name. Whereupon the court ordered that the St. Louis & San Francisco Railroad Company and the Wells Fargo & Company Express be made parties defendant, and they were ordered to appear at nine o'clock, March 13, to disclose to the court the true consignee of the intoxicating liquors, and, if they failed, they would be treated as in contempt and fined in the sum of $500 each,

and would be declared to be the real owners of the liquors. A citation was issued on this order and served March 12. At the appointed hour on March 13, the State appeared by her attorney and the defendants by attorney. The cause proceeded to a hearing. Whereupon the court made a finding of facts as follows:

"That the defendant railroad and express companies had been bringing alcoholic spirits, ardent, vinous, malt and fermented liquors into a prohibition district of the Eleventh Chancery District, and delivering same in large quantities in the night time, and to parties other than the real consignee, whom the court found in many instances to be fictitious parties, and that the companies delivered the liquors to any one who might happen to call for the same, without investigation, and in each instance in this case failed to disclose the real parties getting said liquors, and in other and divers ways did assist the violators of the law in carrying on the illegal sale of intoxicating liquors in such prohibited district, and to evade detection, and such conduct on part of defendant corporations is hindering and preventing the officers of the law in their efforts to seize such contraband goods and to detect the real consignees of. the same. That the two cases of liquors seized had been brought into Washington County to be sold contrary to law, and that no claimant appears to claim same."

The defendant made no claim to the whisky, and made no objection to its destruction, and the court on its own motion made a "crime preventing regulative order." The defendants were ordered not to deliver any liquors within the Eleventh Chancery District in the night time to any one except to an officer of the law, and to no one except the officer of the law until six hours after written notice was given to the sheriff or deputy, disclosing the amount, weight of package and to whom consigned, and to deliver to none except the party to whom consigned or the officers. The defendants appealed from this order. But it was "further ordered by the court that the two cases of liquors seized and held as aforesaid be by the sheriff of the county immediately destroyed, together with the boxes, barrels, jugs, kegs and vessels containing the same." No appeal was taken from this order.

The order for the seizure and sale of liquors in this case was based upon the act entitled, "An act to suppress the illegal sale of liquor and to destroy the same when found in prohibited districts,"

approved February 13, 1899. It is in part as follows: "It is hereby made and declared to be the duty of the chancellors, circuit judges, justices of the peace, mayors and police judges, on information given or on their own knowledge, or when they have reasonable grounds to believe that alcohol, spirituous, ardent, vinous, malt or fermented liquors, or any compound or preparation thereof, commonly called tonics, bitters or medicated liquors of any kind, are kept in any prohibited district to be sold contrary to law, or have been shipped into any prohibited district to be sold contrary to law, that they issue a warrant, directed to some peace officer, directing in such warrant a search for such intoxicating liquors, specifying in such warrant the place to be searched, and directing such officer on finding any such liquors in any prohibited district to publicly destroy the same, together with the vessels, bottles, barrels, jugs, or kegs containing such liquors. * * * Provided, that any person on whose premises or in whose custody any such liquor may be found under warrant of this act shall be entitled to his day in court before said property shall be destroyed."

The act prohibits the keeping or shipping liquors into a prohibited district for sale, and provides the remedies for a violation thereof. No other is necessary or authorized, and no authority is given to any officer to substitute one for the one provided. Any substituted would be without the authority of law.

So much of the order appealed from is reversed.