## DE QUEEN *v.* FENTON.

### Opinion delivered April 10, 1911.

1. MUNICIPAL CORPORATIONS—ORDINANCE FOR IMPOUNDING STOCK.—Under Kirby's Digest, § § 5450, 5451, impowering cities and towns to prevent the running at large within their corporate limits of stock and cattle, and to provide for the impounding of same, municipal ordinances providing for the enforcement of these statutory provisions are valid police regulations. (Page 523.)

2. INJUNCTION—VIOLATION OF MUNICIPAL ORDINANCE.—The violation of municipal ordinances prohibiting the running at large of stock and imposing punishment therefor is an infraction of the criminal law, which equity has no jurisdiction to restrain. (Page 523.)

3. SAME—CRIMINAL PROCEEDINGS.—A court of equity will not exercise jurisdiction by way of injunction to stay proceedings in any criminal matter or acts which are solely of a criminal nature, or in any case not strictly of a civil nature. (Page 524.)

Appeal from Sevier Chancery Court; *James D. Shaver,* Chancellor; affirmed.

*Abe Collins,* for appellant.

The ordinance does not apply to nonresidents. It was a valid ordinance. The complaint charged a public nuisance, and that there was no adequate remedy at law. The demurrer should have been overruled. 81 Ark. 117; Act April 20, 1895, p. 202; 72 Ark. 8; 134 S. W. 890; Kirby's Dig., § 5525.

*Otis T. Wingo,* for appellee.

The remedy was by appeal. 85 Ark. 230. Injunction does not lie. 81 Ark. 117.

FRAUENTHAL, J. This was a suit brought by the city of De Queen seeking to enjoin the defendants below from permitting stock and cattle owned by them from running at large within the limits of said city. In the complaint it was alleged that two ordinances had been passed by the proper authorities of said city prohibiting the running at large of cattle and other stock within its corporate limits; one of these ordinances declaring it to be unlawful for the owner of such stock or cattle to allow same to run at large in said city, and providing for penalizing the owner and impounding said stock or cattle; and the other ordinance declaring the running at large of such stock or cattle within said city to be a nuisance, and imposing a fine upon the owner. The complaint further alleged that the defendants resided outside of said city and knowingly permitted their stock and cattle to run at large within the limits thereof in violation of said ordinances, thereby creating a public nuisance. It was alleged that the ordinances were difficult of enforcement, and that under the statutes of the State the defendant's cattle could not be impounded because the defendants resided outside of the city, and for these reasons it alleged that the city had no adequate remedy to protect its citizens against the depredations of these cattle and stock, and on this ground it based its right to obtain an injunction against the defendants.

The defendants interposed a demurrer to this complaint upon the grounds (1) that it did not state facts sufficient to constitute a cause of action, and (2) that the chancery court was without jurisdiction in the matter.

The court sustained said demurrer and dismissed the complaint. Did the court err in sustaining said demurrer?

By virtue of the statutes of this State, cities and towns are empowered to prevent the running at large within their corporate limits of stock and cattle, and to provide for the impounding of same. Kirby's Digest, § § 5450, 5451. Ordinances passed by municipal corporations providing for the exercise and enforcement of these statutory provisions are valid police regulations. *Fort Smith* v. *Dodson,* 46 Ark. 296; *McKenzie* v. *Newton,* 89 Ark. 564.

The violation of such ordinances is an infraction of the criminal law, and the police courts of cities and towns are the proper forums in which to pursue a criminal prosecution for the violation thereof. A chancery court has no criminal jurisdiction, and will not exercise its powers solely to enforce criminal laws. A complete and adequate remedy for the violation of the criminal statutes of the State and of municipal ordinances is afforded by the courts of law, and those courts have full power to pass upon the scope and validity of such laws and ordinances. It has been held by this court that the chancery court has no jurisdiction to restrain acts solely because they are criminal. *State* v. *Vaughan,* 81 Ark. 117; *Lyric Theater* v. *State, ante* p. 437.

From the allegations of the complaint it appears that there are two ordinances of the city of DeQueen prohibiting the acts complained of. Criminal prosecution can therefore be instituted against the defendants for these acts, which, it is alleged, are violations of these ordinances. If these ordinances have in fact and in law been violated by the defendants, there can be no legal difficulty in enforcing them.

But it is urged that by section 2 of an act entitled, "An act to regulate stock raising and to protect stock impounded in cities and towns," approved April 20, 1895 (Acts of 1895, p. 201), persons residing outside of the limits of cities and towns are not amenable to the provisions of the statute empowering municipalities to prohibit the running at large of stock and cattle within

their corporate limits, and it is contended that on this account there is no remedy by criminal prosecution against the defendants for the acts complained of.

By an act approved May 23, 1901, it was provided that cities of the first and second class and incorporated towns were authorized and empowered to prevent the running at large within their corporate limits of cattle and stock, and to impound same; and by the same act all laws in conflict therewith were repealed. In the case of *Benton* v. *Willis,* 76 Ark. 443, it was held that the above act of May 23, 1901, did not repeal section 1 of the above act of April 20, 1895, providing for and prescribing the manner of impounding stock and cattle running at large in cities and towns, holding that the two acts presented a complete system for impounding the animals named therein. But the court did not in that case pass upon the question as to whether or not said section 2 of the act of April 20, 1895, was repealed by the act of May 23, 1901.

In the case of *McKenzie* v. *Newton, supra,* it was held that such stock owned by a person residing outside of the corporate limits was subject to the impounding provisions of the ordinance of a city, passed under the authority of section 5451 of Kirby's Digest. It will thus be seen that it has not been determined that stock owned by a person who resides outside of the corporate limits of a municipality cannot be restrained and impounded in pursuance of an ordinance passed under the above statute.

The proper proceeding by which this question can be tested is by impounding such stock or cattle, or by criminal prosecution, the proper forum in which such prosecution should be instituted being the police court of the city or town. A court of equity will not exercise jurisdiction by way of injunction to stay proceedings in any criminal matter, or acts which are solely of a criminal nature, or in any case not strictly of a civil nature. *State* v. *Lindsay,* 34 Ark. 372.

In the case of *Rider* v. *Leatherman,* 85 Ark. 230, it is said: "This court has often ruled that chancery courts will not interfere by way of injunction to prevent anticipated criminal prosecutions. The city through her citizens has the right to enforce the ordinance if valid. A court of chancery will not entertain a contest over the question as to the validity of the ordinance, and

restrain a prosecution pending the determination of that question, as the whole matter can be settled in a court of law where only the violations of the ordinance, if valid, can be punished."

It appears that the chief purpose of this complaint is to test the validity of the above ordinances of the city of DeQueen as applied to owners of stock or cattle residing outside of the limits of the city of DeQueen. As we have above seen, the courts having jurisdiction to enforce the criminal laws are the proper courts to pass upon this question on proper proceedings being instituted therein. A court of chancery will not exercise its jurisdiction for that purpose.

It follows that the lower court did not err in sustaining the demurrer to the complaint, and its decree is affirmed.