UNITED STATES EXPRESS COMPANY v. STATE.

Opinion delivered July 10, 1911.

1. INJUNCTION—RESTRAINING CRIME OR IMMORALITY.—In the absence of an injury to property or civil rights, a court of equity has no jurisdiction to restrain acts simply because they are criminal, nor to enforce moral obligations. nor to interfere in matters merely of an illegal or immoral character. (Page 635.)

2. LIQUORS—INJUNCTION TO SUPPRESS ILLEGAL SALES.—Under act of February 13, 1899 (Kirby's Dig., section 5137), authorizing chancellors and other named judicial officers in certain cases to issue search warrants to discover liquors shipped into prohibition districts to be sold contrary to law, a chancellor is not authorized to issue an order forbidding a common carrier to deliver liquor within his chancery district until within three hours after same has reached the carrier's depot a written notice has been posted or delivered to the nearest mayor, etc., describing the package and naming the consignor and consignee, and until thirty-six hours shall have elapsed from the time of its receipt. (Page 637.)

Appeal from Sebastian Chancery Court; *J. V. Bourland,* Chancellor; reversed.

*Frank H. Platt* and *C. E. & H. P. Warner,* for appellant.

The acts with which appellant is charged do not constitute a public nuisance. 3 McCrary, 147; 117 U. S. 791; 44 Fed. 310; 10 S. E. 297; 45 N. Y. 13; 91 Am. Dec. 783; Kirby's Dig., § 5118; 6 How. 344; 39 Miss. 822; 91 U. S. 343; 29 Conn. 538; 63 Me. 269. The court had no jurisdiction to enter the decree against appellant. 14 Mo. App. 413; 2 Johns. Ch. 371; 78 Ill. 237; 99 Ill. 489; 102 Ill. App. 449; 158 U. S. 564; 81 Ark. 117; 155 Ind. 526; 2 Minn. 61; 7 Miss. 602; 124 U. S. 200; 58 Pac. 604; 37 S. W. 478; 31 S. E. 745; 56 Fed. 654; 54 Pa. St. 401; 34 Ark. 375; *Id.* 554; 109 Mo. 496; 41 Atl. 914; 74 N. W. 798; 17 Pac. 365; 125 S. W. 643.

*Hal. L. Norwood,* Attorney General, and *W. H. Rector,* Assistant Attorney General, for appellee.

Error is confessed on the authority of 81 Ark. 117; 93 Ark. 389.

FRAUENTHAL, J.    This was a suit instituted in the Sebastian Chancery Court by the State of Arkansas on the relation of the prosecuting attorney of the Twelfth Judicial Circuit, and also by certain individuals as citizens and residents of the Greenwood District of said county, seeking to restrain the United States Express Company, defendant below, from carrying and delivering shipments of intoxicating liquors consigned to points in said Greenwood District, except under certain restrictions.

The complaint in substance alleged that intoxicating liquors were being shipped from Fort Smith, and by the defendant as a common carrier transported to various points in said Greenwood District, and there delivered to persons to be sold and kept for sale contrary to law. It was further alleged that this constituted a nuisance in each of the communities where the intoxicating liquors were thus delivered, "from the fact that drunkenness and debauchery resulted from same, to the great inconvenience, discomfort and nuisance of said communities."

To this complaint defendant interposed a demurrer, upon the ground that the court had no jurisdiction of the subject-matter of the action, and because the complaint did not state facts sufficient to constitute a cause of action. The court overruled the demurrer, and the defendant, electing to stand thereon and refusing to plead further, the court entered a decree enjoining the defendant from making delivery of intoxicating liquors at any place except its regular depots and established offices in said Greenwood District, and from carrying intoxicating liquors under fictitious names of consignees for delivery in said district. The decree further enjoined defendant and its employees from delivering consignments of intoxicating liquors to any person in said district until within three hours after same had reached the depot or office of defendant, a notice in writing had been posted or delivered to the nearest mayor or justice of the peace, or sheriff, having jurisdiction in said district, giving a description of the package containing the liquor and stating the time of its receipt and designating the place where it was held and the names of the

consignor and consignee; and from delivering the liquor or allow-
ing access to same for a period of thirty-six hours from the time
of its receipt.

The question involved in this case is whether or not the chan-
cery court had jurisdiction of the matter set out in the complaint
and authority to enter the decree which it made.

This was an action instituted in a court of equity seeking in
effect to prevent a violation of the criminal laws of the State pro-
hibiting the sale or keeping for sale of intoxicating liquors within
a prohibited district, and to aid in the discovery of those violating
such criminal statutes.   Defendant was a common carrier of
goods, and as such it violated no law when it carried to points in
the Greenwood District intoxicating liquors or any other goods.
But it is alleged that it aided in the violation of law by delivering
intoxicating liquors to persons who then sold or kept said liquors
for sale in said district in violation of the laws of the State mak-
ing prohibition of said acts in said district.   The purpose of the
bill was to obtain the aid of a court of equity in the prevention of
anticipated crime and the enforcement of the criminal laws.   It
is not alleged in the complaint that any property or civil right
was injured by the act of the defendant, or that such act was an
injury to the property or civil rights of the public at large.   The
complaint only alleged that drunkenness and debauchery would
result from an act of the defendant and the infraction of the
criminal laws of the State, thus resulting in a public nuisance.   In
the absence of an injury to property or civil rights, a court of
equity has no jurisdiction to restrain acts simply because they are
criminal, nor to enforce moral obligations, nor to interfere in
matters merely of an illegal or immoral character.

In High on Injunctions (4 ed.) section 20, the rule relating
to the jurisdiction of a court of chancery in such matters is thus
stated:   "The subject-matter of the jurisdiction of equity being
the protection of private property and civil rights, courts of equity
will not interfere for the punishment or prevention of merely
criminal or immoral acts, unconnected with violations of private
right.   Equity has no jurisdiction to restrain the commission of
crimes or to enforce moral obligations and the performance of
moral duties; nor will it interfere for the prevention of an illegal
act merely because it is illegal.   And, in the absence of any injury

to property rights, it will not lend its aid by injunction to restrain the violation of public or penal statutes, or the commission of immoral or illegal acts."

In the case of *World's Columbian Exposition* v. *United States,* 56 Fed. 654, a bill was filed in a court of equity seeking to restrain the opening of the gates of the World's Columbian Exposition on Sunday in contravention of an act of Congress and in alleged violation of law. In speaking of the jurisdiction of the chancery court to grant relief in such case, Fuller, Circuit Justice, said:

"The office and jurisdiction of a court of equity, unless enlarged by express statute, are limited to the protection of rights of property. The court is conversant only with questions of property and the maintenance of civil rights, and exercises no jurisdiction in matters merely political, illegal, criminal or immoral. * * * We can discover no tenable ground excepting the case from the ordinary rule which requires, in order to the exercise of jurisdiction in chancery, some injury to property, whether actual or prospective; some invasion of property or civil rights; some injury irreparable in its nature, and which can not be redressed at law. The application of that rule is fatal to the maintenance of the order under review; and whatever temptation to leave the beaten path the record of a particular case may be supposed to afford, it is not for courts of justice, in the exercise of an unregulated discretion, to remove the settled landmarks of the law."

In the case of *State* v. *Vaughan,* 81 Ark. 117, this court held that a court of equity did not have jurisdiction to restrain acts simply because they are criminal, nor to enjoin a public nuisance where it arises solely from the illegal, immoral or pernicious acts of men, and does not invade or injure any property or civil right of the public. In the case of *Rider* v. *Leatherman,* 85 Ark. 230, it is said: "This court has often ruled that chancery courts will not interfere by way of injunction to prevent anticipated criminal prosecutions." And this court has further held that it will not interfere to prevent the commission of anticipated crimes. *Lyric Theater* v. *State,* 98 Ark. 437; *De Queen* v. *Fenton,* 98 Ark. 521. These cases are based upon the principle that a court of equity will not interpose its jurisdiction except for

the protection of property or civil rights, and will not take jurisdiction of or interfere with matters which are merely criminal in their nature. Over such matters courts of law have full and complete jurisdiction.

In the decree it appears that reliance for the action of the court in this matter was placed to some extent upon an act entitled, "An act to suppress the illegal sale of liquor and to destroy same where found in prohibited districts," approved February 13, 1899 (Kirby's Digest, § 5137). By this act it is made the duty of chancellors and other named judicial officers, upon knowledge or information that intoxicating liquors are kept in any prohibited district to be sold contrary to law, or have been shipped into any prohibited district to be sold contrary to law, to issue a warrant directing a search for the intoxicating liquors and a destruction thereof if found. In construing the provisions of this act, this court in the case of *St. Louis & S. F. Rd. Co.* v. *State,* 93 Ark. 389, held that by virtue thereof a chancellor "is not authorized to issue an order forbidding a common carrier to deliver liquor within his chancery district at night except to an officer of the law, and to no one except the officer of the law until six hours after written notice is given to the sheriff, and to deliver to no one except to the party to whom the liquor was consigned." In that case this court said: "The act prohibits the keeping or shipping liquors into a prohibited district for sale, and provides the remedies for a violation thereof. No other is necessary or authorized, and no authority is given to any officers to substitute one for the one provided."

The Attorney General, representing the appellees, has confessed error in this case, and we think that his action in this regard was proper and correct. We are of the opinion that the bill did not state facts sufficient to give a court of equity jurisdiction over the matters complained of, and that the chancery court was not authorized by any statute of this State to enter the decree which it made upon the allegations of said bill. The court erred in overruling the demurrer thereto. The decree is accordingly reversed, and the cause remanded with directions to sustain the demurrer to the complaint.