POOL *v.* CLARK.

4-7413            182 S. W. 2d 217

Opinion delivered July 10, 1944.

*G. T. Sullins* and *Rex W. Perkins,* for appellant.

*Harvey L. Joyce* and *Glen Wing,* for appellee.

ROBINS, J. Appellant and appellee are neighbors, each farming land in the White River bottom in Durham township, Washington county, Arkansas. The running at large of cattle in this township was made unlawful by the provisions of Act 103 of the General Assembly of Arkansas of 1907, as amended by Act 273 of the General Assembly of Arkansas of 1909, put in effect by the voters at an election held in 1921. After his fence was damaged by a flood from the river some of appellant's cattle strayed from his premises on to the land of appellee where they ate, trampled and otherwise damaged appel-

lee's field of oats and Lespedeza. Appellee sued appellant for $150 for damages thus done to his crops, and was awarded $60 by the trial jury. From judgment on the verdict comes this appeal.

Appellant does not contend here that his cattle did not damage appellee's crops, but urges that the lower court erred in not presenting to the jury appellant's theory of the law as to liability and in improperly instructing the jury on the measure of damages.

Appellant argues that the owner of cattle in a district where the running at large of cattle has been made unlawful by statute is not liable for damage done to the crops of another by his cattle unless their escape from the owner's enclosure is caused by negligence of the owner; and appellant sought to avoid liability by showing that his fence was damaged by an overflow, and that his cattle escaped from his pasture before he had an opportunity to make the necessary repairs thereon. The lower court refused to adopt appellant's theory, but told the jury that if the lands of both parties were in the "fencing district" it was the duty of appellant to "keep his cattle enclosed and restrain them from running at large," and that, if appellee sustained damage by reason of appellant's cattle entering appellee's field, appellee should recover.

The lower court properly stated the law. The statute requires all persons in the territory in which it is made operative by vote of the electors to restrain their stock. It does not provide merely that they must use proper diligence to keep their cattle in enclosures. The language of the statute is that (after adoption by the voters) "it shall be unlawful for any hogs, sheep, goats, horses, mules, cattle or any other animal calculated to destroy growing crops to run at large in such townships." Under this law it was the duty of appellant to keep up his cattle, and the law contains no provision under which appellant may be relieved of payment for damage done by his trespassing cattle simply because they escaped from his enclosure through no fault or lack of diligence on his part.

This court, in the case of *McKenzie* v. *Newton*, 89 Ark. 564, 117 S. W. 553, held (Headnote 2): "Animals are 'running at large' within the limits of a city if they are within such limits without being under the control of any one, without regard to whether the owner was at fault in permitting their escape or in making diligent search for them thereafter." While there is some conflict in the authorities, we conclude that the correct rule as to liability of the owner of livestock which trespass upon and damage crops in a territory where the running at large of such stock is forbidden by law was thus expressed by the Supreme Court of Wisconsin, in the case of *Fox* v. *Koehnig*, 190 Wis. 528, 209 N. W. 708, 49 A. L. R. 903: "The liability of the owner for damage resulting from trespass committed by his livestock upon the land of his neighbor is absolute, and depends in no degree upon the question of negligence. . . . It is a well-known propensity of livestock, such as horses, cattle, sheep and other domestic animals to graze upon, trample down and destroy grass and other growing crops. For such damage the liability of the owner is absolute."

The undisputed testimony shows that damage of an amount at least equalling the amount of the jury's verdict was done to appellee's crops by appellant's cattle. This makes it unnecessary for us to determine whether the court's instructions on measure of damages were proper because, even if incorrect, they could not be held to be prejudicial to appellant.

The judgment of the lower court is affirmed.