Hon. Lloyd George State Representative P.O. Box 847 Danville, Arkansas 72833
Dear Representative George:
This letter is in response to your request for an official opinion on the following questions:
 1. Is it lawful for the owner of unfenced lands to lease out grazing rights on such lands where livestock may wander onto the public roads?
 2. Is it lawful for the owner of livestock to permit the livestock to graze on unfenced lands where such livestock may wander onto the public roads?
 3. If the owner of unenclosed lands leases out grazing rights on the lands and the livestock placed on such lands wander onto a public road and are struck by motorists:
 (a) is the owner of the land liable for personal injury or property damage suffered by the motorist; or
 (b) is the owner of the livestock liable for personal injury or property damage suffered by the motorist; or
 (c) is the motorist liable to the livestock owner for injury to or death of such livestock?
Ark. Stat. Ann. 41-2919 (Repl. 1977), which is part of the Arkansas Criminal Code, prohibits owners or custodians of livestock from allowing such animals to run at large. The text of the statute is as follows:
 (1) A person commits the offense of permitting livestock to run at large if, being the owner or person charged with the custody and care of livestock, he knowingly permits such livestock to run at large.
 (2) For purposes of this section, livestock includes horses, mules, cattle, goats, sheep, swine, chickens, ducks, and similar animals and fowl commonly raised or used for farm purposes.
(3) Permitting livestock to run at large is a violation.
A fine not exceeding $100.00 may be imposed for a violation. See, Ark. Stat. Ann. 41-1101 (Repl. 1977).
As a general proposition, a penal statute is to be strictly construed in favor of one against whom it is asserted. This history of 41-2919 reveals the obvious design of the Legislature to afford a measure of protection to travelers upon the public highways. See prior law, Ark. Stat. Ann. 41-430 (Repl. 1964) and Prickett v. Farrell, 248 Ark. 996, 455 S.W.2d 74, 77 (1970). However, while this purpose seems clear, 41-2919 does not speak in specific terms of prohibiting grazing on unfenced lands. Permitting livestock to run at large is the act prohibited. Under the rule of construction of penal measures, leasing grazing rights on unfenced lands and permitting livestock to graze on unfenced lands do not of themselves appear to constitute prohibited acts. Nor are there any cases under the Arkansas stock laws indicating that the act of permitting livestock to graze on unfenced lands is in itself prohibited. Caselaw in this area is confined to instances in which animals have wandered onto either public highways or lands of another, causing injury to persons and/or property. The answer to your first two questions must, therefore, be yes.
Your third question incorporates the assumption that damages have been incurred as a result of livestock wandering onto a public road. The answer to part (a) of this question is, generally, no. 41-1919 of the Criminal Code and other statutory provisions relating to stock laws all focus upon the owner or custodian of the livestock. Caselaw interpreting Ark. Stat. Ann. 41-430 (Repl. 1964), the predecessor of 41-2919, indicates that the word "owner" includes "one who has the right of immediate possession and control." Prickett v. Farrell, Supra at 77; citing Fraser v. Hawkins, 137 Ark. 214, 208 S.W. 296 (1919). There are no Arkansas cases specifically addressing the question of a noncustodial landowner's liability. However, several cases in other jurisdictions indicate that as long as the noncustodial landowner has no right of possession of control of the livestock and has no contractual duty with regard to upkeep or maintenance, he will not be held liable for injuries caused by animals running at large. See, e.g., Grigg v. Southern Pacific Co., 246 F.2d 613 (9th Cir. 1957); Heyen v. Willis, 236 N.E.2d 580 (1968); Blake v. Dunn,413 N.E.2d 560 (1980). See also 21 A.L.R.4th 123.
Two of the cases cited above, Grigg v. Southern Pacific Co. and Blake v. Dunn, contain, in dicta, reference to a theory of liability based upon the landowner's knowledge that he was furnishing an unsafe place to keep livestock. And a Florida court has held a lessor landlord liable on the theory that the absence of a fence in one area of the property was a defect or dangerous condition constituting a nuisance under general tort law. Bowen v. Holloway, 255 So.2d 696 (1971), citing 49 Am.Jur.2d, Landlord 
Tenant, 911. But see Heyen v. Willis, supra. The success of such a theory under Arkansas law is, however, doubtful in light of the absence at common law of any requirement that livestock be confined or restrained. Initiated Act No. 1, Acts Ark. 1951, p. 1013.
In response to part (b) of your third question, the liability of the livestock owner under Arkansas law must be premised upon the owner's negligence in permitting the animals to run at large. Poole v. Gillison, 15 F.R.D. 194 (E.D.Ark. 1953); Vangilder v. Faulk, 244 Ark. 688, 426 S.W.2d 821 (1968). Absolute liability was imposed in the case of Pool v. Clark, 207 Ark. 635, 182 S.W.2d 217
(1944), in reliance upon a county stock law which created an absolute prohibition against livestock running at large. Although this case has not been overruled, all subsequent cases require a finding of negligence before liability will be imposed.
The liability of the motorist, as referenced in part (c) of your third question, will be determined under the principles of contributory negligence. The motorist has a duty to keep a proper lookout and to exercise ordinary care and prudence in the operation of his automobile. The motorist's negligence, if any, will be compared with the owner's negligence, if any, and liability will be apportioned under the comparative negligence statute. See Ark. Stat. Ann. 27-1764, 27-1765 (Repl. 1979).
The foregoing opinion which I hereby approve was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
Steve Clark Attorney General
SC:EW:jr