The Honorable Jerry E. Hinshaw State Representative Route 4, Box 444-A Springdale, Arkansas 72764
Dear Representative Hinshaw:
This is in response to your request for an opinion on the following question:
 Is there a state statute which defines when a dog or cat is a stray or unowned?
Ark. Stat. Ann. 19-2502 (Repl. 1980) provides that "[the Council of any Municipal Corporation] shall have the power to prevent the running at large of dogs, and injuries and annoyances therefrom, and to authorize the destruction of the same, when at large contrary to any prohibition to that effect." Ark. Stat. Ann. 19-2502.1 (Repl. 1980) provides that municipalities may impound and destroy any dog "running at large" within the municipality. The Statute further provides that prior to destroying the dog, the municipality shall give the owner at least five days notice of the date of the proposed destruction of the dog. This provision applies, however, only to dogs carrying their owner's address.
The Arkansas Supreme Court has stated that "animals are `running at large' if they are within the corporate limits without being under the control of anyone." McKenzie v. Newton, 89 Ark. 564,567, 117 S.W. 553, 554 (1909). The Court added that city officers are authorized to impound animals running at large "regardless of whether or not the owner was at fault in permitting their escape or in not making diligent search for them thereafter." Id.; See also Pool v. Clark, 207 Ark. 635, 182 S.W.2d 217 (1944).
Thus, under state law it appears that any dog "running at large" within the municipality can be impounded and destroyed.
This provision appears to be limited only by the requirement that owners of dogs carrying their owners' address be given five days notice of the proposed destruction. And although there is no statute specifically stating when a dog or cat is a stray or unowned, the aforementioned case law defining "running at large" may be of some guidance.
The applicable statutory law on this particular issue has focused on the impounding and destruction of dogs running at large, and does not include provisions relating to cats. It is reasonable to conclude, however, that the case law defining "running at large" extends to cats as well as dogs.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.