AYER & LORD TIE COMPANY v. YOUNG.

Opinion delivered March 29, 1909.

1. AGENCY—HOW PROVED.—While the relation of principal and agent cannot be proved by declarations of the agent, it may be established by the agent's testimony.   (Page 106.)

2. SAME—RATIFICATION.—Where defendant lumber company employed plaintiff to build a certain skidway for it to cost $15, and an agent of defendant built a different skidway at an increased cost, the mere fact that defendant used the skidway as built does not establish that the act of the agent was ratified if it was unauthorized.   (Page 107.)

3. INSTRUCTION—UNSUPPORTED HYPOTHESIS.—It is prejudicial error to give an instruction based on a hypothesis unsupported by the evidence when such instruction is calculated to confuse the jury and divert their minds from the real issue in the case.   (Page 107.)

Appeal from Monroe Circuit Court, *Eugene Lankford,* Judge; reversed.

STATEMENT BY THE COURT.

This action was brought by Herbert Young against the Ayer & Lord Tie Company for an amount alleged to be due him by defendant for building a skidway at a lumber mill.

In October or November, 1906, one U. S. Pitney, who had charge of the defendant company's business in the State of Arkansas, made an agreement with the plaintiff to build a skidway at a sawmill on White River, and agreed to pay him therefor $15. The defendant had a contract with the owners of the mill to furnish them saw logs, and the skidway was to be used in delivering the logs. The plaintiff started the erection of the skidway, but soon afterwards stopped work on account of the high water.

The plaintiff testified that he did nothing more toward the erection of the skidway until the following summer, when one Harbin, an employee of the defendant, came down to look after the work, and to see about cutting the timber and logs. That Harbin said the mill owners objected to the kind of skids that were being put in, and made a new contract with him to build a different kind of skidway. That he then erected it according to the terms of the new contract, and that there is a balance due him of $85.

C. M. Harbin testified that he was sent by the company to get some one to log the mill and to put it in condition to receive the logs for sawing; that a skidway was necessary for this purpose; that he instructed Herbert Young to fix the skidway, and that if there was any additional work outside of what Pitney had told him to do that he would see that he got his money.

Pitney testified that Harbin was sent to the mill by him to start it up, but that he had no authority to make an additional or new contract with Young.

The suit was originally brought in the justice of the peace court. On appeal in the circuit court, there was a verdict for the plaintiff for $50. The defendant has duly prosecuted an appeal to this court.

*Thomas & Lee,* for appellant.

1.    There is no affirmative proof that Harbin was the agent of appellant, and his acts, admissions and declarations are not competent until his agency is shown by affirmative proof. 223 Ill. 41; 79 N. E. 38; 53 S. E. 908; 5 How. 29; 43 Ill. 43; I Conn. 255; 193 Mass. 458; 87 Pac. 469; 107 N. W. 227; 10 Ark. 213; 58 *Id.* 21; 76 *Id.* 472; 64 *Id.* 217; 96 Iowa 737; 111 Fed. 337; 28 Nev. 235; 85 Pac. 657; 33 S. W. 604; 22 N. W. 276; 129 Fed. 583-5.

2.    Proof of the making of similar contracts by an agent which were carried out by the principal is inadmissible to show the agent's authority or to raise an inference that he had authority to make the contract. 97 Mich. 72; 92 S. W. 273-4; 82 Tex. 516; 44 Ill. 437; 53 S. E. 908; 41 Me. 382.

3.    To submit the question of agency or ratification to a jury where there is no competent evidence is reversible error. 28 Pac. 505; 96 Iowa, 737; 85 N. W. 403.

3.    There is no proof that Harbin was ever an agent, or that his acts were made known to appellant. There must be full knowledge by the principal of all the material facts and of the terms of a contract, as these are essential elements of an effective ratification by the principal of an unauthorized contract of his agent. 107 N. W. 227; 69 *Id.* 308; 85 Pac. 657-661; 115 Ill. 138; 41 Me. 382; 9 Pet. 607-629; 105 U. S. 355-360; 121 *Id.* 135; 115 Fed. 678-681; 128 *Id.* 243-255; 41 U. S. 213-18; Clark & Skyles on Ag. § 106-7, pp. 266, 271; 64 Ark. 217; 76 *Id.*

472; 58 *Id.* 21; 31 *Id.* 212; 76 *Id.* 563. In view of these authorities, the court erred in its instructions.

*Manning & Emerson,* for appellee.

1. Appellant's objection to the instructions are general. The court's attention should have been called to defects, and a specific instruction correcting the alleged defects asked.   89 Ark. 24.

2. No exceptions were saved to the testimony of Young and Simmons.

3. The proof shows ratification by appellant. Acquiescence and silence when the agent's acts are brought home to the knowledge of the principal is a ratification. 32 Fed. 270; 87 *Id.* 61; 73 *Id.* 110; 21 Ark. 554; 29 *Id.* 131; 42 *Id.* 97; 66 *Id.* 209. Third parties are entitled to notice of the restrictions of the agent's authority where he is attending generally to the business of a principal. 27 Fed. 894 and cases *supra.*

HART, J., (after stating the facts). It is earnestly insisted by counsel for appellant that there is no evidence in the record tending to show that Harbin was ever an agent of the Ayer & Lord Tie Company, and that the acts, admissions or declarations of Harbin are not competent to prove his agency. While it is true that in an action against the principal the declarations or admissions of the agent are not competent to prove the agency, the rule has no application here. No attempt was made to prove Harbin's authority by his declarations or admissions. Harbin was a witness in the case, and his testimony was of matters of which he stated he had knowledge. If he knew the facts concerning the extent of his authority, his testimony was as competent on that point as that of any other witness having knowledge of the same facts. The point was expressly so ruled in the case of *Beekman Lumber Co.* v. *Kittrell,* 80 Ark. 228.

The testimony of Harbin to the effect that he was sent down there to start the mill up and have it logged, in connection with his further testimony that the skidway was necessary for this purpose, was sufficient testimony from which the jury might infer that he had the authority to make the contract sued on.

Counsel for appellant also assigns as error the action of the court in giving the following instructions:

"No. 3. Although you believe from the evidence that Pitney agreed to pay plaintiff $15 for building a skidway, still if you find from the evidence that a new and different contract was made by the plaintiff and Harbin, who was in the employ of the defendant, whereby a different sum was to be paid for different work, the defendant would be liable, if you find that the work was done by the plaintiff for defendant under the last contract, and defendant ratified same by receiving the benefit of the labor.

"No. 4. It was agreed by the plaintiff and the defendant company, or its agent, Mr. Pitney, that he was to build a certain skidway, made in a certain manner, for $15, then he could not recover more than $15 for building it, although it might work a hardship on him; but if you find that, after they started to build it, an agent of the company, or one acting as the agent of the company, wanted a change or additions made to it, and promised to pay him for these additions, and he did make changes and additions different from the first contract, and did the work, and the company received the benefits of it, then he would be entitled to whatever additional changes in the work was worth."

We think these instructions should not have been given. There was no testimony upon which to base a finding that there was a ratification of any contract made by Harbin. Counsel for appellee insist that the using of the skids after they were built was a ratification. The company's conduct in this respect was not inconsistent with any other hypothesis than that of approval of Harbin's acts. The skidway was there, and was necessary to be used in logging the mill. We do not think the mere use of the skids by appellant would amount to a ratification of Harbin's acts. The instructions then were purely abstract. It has been repeatedly held by this court that instructions are given by the court for the purpose of aiding the jury in arriving at a proper determination of the issues presented to them. Instructions which are not applicable to any state of facts are abstract and misleading when they are foreign to the issues. It can not be determined here whether the jury found for the appellee because they believed Harbin made the new contract and had authority to make it, or because they believed the appellant ratified his unauthorized contract. Hence the instructions were prejudicial.

"It is prejudicial error to give an instruction based on a

hypothesis unsupported by the evidence, where such instruction is calculated to confuse the jury and divert their minds from the real issue in the case." *St. Louis, I. M. & S. Ry. Co.* v. *Wood-ward,* 70 Ark. 441; *St. Louis, I. M. & S. Ry. Co.* v. *Denty,* 63 Ark. 177; *St. Louis, I. M. & S. Ry. Co.* v. *Puckett,* 88 Ark. 204.

For the error in giving instructions Nos. 3 and 4, the judgment is reversed and the cause remanded for a new trial.