DISTRICT GRAND LODGE NO. 11, ENDOWMENT OF THE GRAND UNITED ORDER OF ODD FELLOWS *v.* PRATT.

Opinion delivered December 5, 1910.

1. INSURANCE—BENEFIT INSURANCE—DEFENSE.—Where the defense to a suit upon a benefit certificate was that the insured was in arrears to the benefit society, and therefore not entitled to sick benefits, such defense was not a technical one, and it was error to instruct the jury that "technical defenses to actions upon insurance policies are not regarded with favor by the courts." (Page 617.)

2. INSTRUCTIONS—WHEN ABSTRACT INSTRUCTIONS PREJUDICIAL.—Where abstract instructions are misleading, they will be held to be prejudicial, and will cause a reversal of the judgment. (Page 618.)

Appeal from Garland Circuit Court; *W. H. Evans*, Judge; reversed.

STATEMENT BY THE COURT.

Appellant was a benefit society organized under the laws of Arkansas. It issued to its members a benefit certificate which entitled the beneficiaries to the amount named therein within ninety days after proof of the death of the member in good standing. Appellee was a beneficiary under a policy issued to her sister, Victoria Pratt, who was a member of the society. The latter died August 8, 1908, and appellee brought this suit, alleging that her sister had complied with all the conditions of the policy, and that appellee was therefore entitled to recover the amount named therein ($250), for which she prayed judgment and also for penalty and attorney's fees. The answer denied that Victoria Pratt had complied with the conditions of the policy, and denied liability. The policy required as a condition of recovery that the

member shall have "complied with all the rules and regulations" of the "Benefit Association," that he shall have been in "good standing at the time of his death," and shall have paid all fines, dues and assessments imposed by the order at the time same became due."

Members were "unfinancial" when they owed an amount in excess of $1.50 "for fines, dues or any assessments." "When *unfinancial,* members were not entitled to sick benefits, and if such members died they were not entitled to anything. A member could not be reinstated while sick." A law of the society provided that "a member who is financial and taken sick cannot, while he remains sick, become non-financial," as it is the duty of the lodge to deduct his or her indebtedness from his or her sick benefits. The quarters were known as January, April, July and October. The regulations required the quarterly dues to "be paid promptly and regularly." The quarterly dues had to be "in the hands of the endowment secretary within thirty days after the beginning of the quarter." A general law of the society provided: "The secretary of every lodge is hereby required to notify every non-financial or forfeit member of his being non-financial or forfeit, with the amount of his or her indebtedness, adding to each notice a fine of twenty-five cents;" and "provided further that no fines, taxes or assessments shall be considered as being due and collectable until after the expiration of one calendar month from their imposition, and the secretary shall give to each member a notice of the imposition of such fine, special tax or assessments at least twenty days before the same shall become due."

On behalf of appellant there was testimony tending to prove that Victoria Pratt was *"unfinancial"* before she became sick on July 4, 1908; that she owed in dues, fine, assessment and penalty an amount equal to $2.50; that notice was given her of the delinquency June 22, 1908.

On behalf of appellee there was testimony tending to prove that Victoria Pratt was in good standing with the lodge at the time of her death. At that time she was the treasurer of the society. She had not been suspended or excluded for misconduct or non-payment of dues, etc. A card signed by the secretary was held by each of the members showing when their dues,

etc., were paid. Victoria Pratt at the time she was taken sick held such a card showing that she was *financial.* There was a conflict in the evidence as to whether the card reflected the truth as to the standing of Victoria Pratt. The appellant contended, and its evidence tended to prove, that the indorsements on the card showing that Victoria Pratt had paid her dues, etc., were forgeries. The testimony on behalf of appellee tended to show to the contrary. The testimony on behalf of appellee also tended to prove that no notice was given Victoria Pratt of any delinquency.

The court at the request of appellee granted the following among other prayers:

"1. If payment of assessment had been frequently allowed to be made after due, and the officers of the local lodge had, by their course in conducting business, caused the deceased to believe that strict performance on her part would not be exacted, then a forfeiture could not be insisted upon because of the nonpayment of the last assessment, and the plaintiff would be entitled to recover.

"2. The jury is instructed that technical defenses to actions upon insurance policies are not regarded with favor by the courts.

"3. When an insured has money due him from a lodge on account of sick benefits, he has a right to rely on the lodge to deduct from the amount to pay dues."

Exceptions were duly saved to the ruling of the court in granting the above prayers. A verdict was returned in favor of appellee for $250. Judgment was entered against appellant for that sum, and it duly prosecutes this appeal.

*Scipio A. Jones* and *W. R. Donham,* for appellee.

1. The first instruction should not have been given because there was no evidence on which to base it. It was abstract. 63 Ark. 177; 76 Ark. 567; *Id.* 348; *Id.* 599; 77 Ark. 20; 65 Ark. 222.

2. However true it may be that "technical defenses in actions on insurance policies are not regarded with favor by the court," there was no occasion in this case for such a charge, and its giving was prejudicial.

3. The third instruction is misleading. There is no evidence that at the time the insured's arrearages became due she had any sick benefits due her from the lodge. Her failure to pay had already worked a forfeiture before she became sick. 86 Ia. 279; 53 N. W. 243; 140 Ill. 301; 29 N. E. 1121.

*R. S. Bowers,* for appellee.

Wood, J., (after stating the facts). The only question in this case, under the evidence, was whether or not Victoria Pratt at the time she was taken sick, July 4, 1908, was in arrears to the society of which she was a member in excess of the sum of $1.50. If she was due the society at that time a sum in excess of that amount, she was, according to the laws of the society, "unfinancial," and not entitled to sick benefits.

This being the question of fact for the jury to determine under the evidence, the court erred in giving the instructions we have set out in the statement and numbered 1, 2 and 3, respectively. These instructions were abstract, misleading, and, therefore, prejudicial. We find no evidence to warrant the court in submitting to the jury the question as to whether or not the appellant was estopped by the conduct of its officers from insisting on the forfeiture of the policy, or benefit certificate, for the nonpayment of dues by Victoria Pratt. If Victoria Pratt was unfinancial on account of the nonpayment of dues under the laws of appellant at the time she was taken sick, then there was nothing in the evidence to warrant a finding that appellant was estopped from insisting on such nonpayment as a defense to the present suit.

If Victoria Pratt was nonfinancial according to the laws of the appellant at the time she became ill (July 4, 1908), then such defense was not technical, but substantial. Where there was a sharp conflict in the evidence as to whether or not Victoria Pratt had complied with the laws of the society upon which was founded her right to its insurance benefits, it was error for the court to tell the jury that "technical defenses to actions on insurance policies are not regarded by the courts." This was calculated to cause the jury to believe that the defense set up by appellant here was technical, and that, although they might find it supported by the evidence, yet, inasmuch as it was *technical,* they need not look upon it with favor. The court

did not tell the jury what was meant by *"technical"* defenses, and, inasmuch as the defenses set up by appellant were not technical, the instruction was well calculated to mislead the jury and to prejudice appellant.

If Victoria Pratt was "unfinancial" at the time she became ill, then under the laws of the society she was not entitled to sick benefits. The question, as we have stated, for the jury to determine was whether Victoria Pratt was unfinancial before or at the time she was taken ill. If she was not *financial,* then she could not become so thereafter by an allowance of sick benefits. But instruction No. 3 was calculated to make the jury believe that sick benefits could be allowed a member although such member might be unfiancial when taken sick, and if the amount of such sick benefits at the time of the member's death was equal to the amount that was due from the member at the time he was taken sick, then such member should be declared in good standing and entitled to the amount called for in the benefit certificate.

Abstract instructions should not be given; and if they are misleading, they will be held prejudicial, and will cause a reversal of the judgment. *St. Louis, I. M. & S. Ry. Co.* v. *Denty,* 63 Ark. 177; *Davis* v. *Richardson,* 76 Ark. 348; *Frank* v. *Dungan,* 76 Ark. 599; *St. Louis I. M. & S. Ry. Co.* v. *Knight,* 77 Ark. 20; *Pratt* v. *Metzger,* 78 Ark. 177; *Harris Lumber Co.* v. *Morris,* 80 Ark. 260. See also *Kinslow* v. *State,* 85 Ark. 514; *Little Rock & M. Ry. Co.* v. *Russell,* 88 Ark. 172; *Chicago, R. I. & P. Ry. Co.* v. *Moon,* 88 Ark. 231; *Arkansas & La. Ry. Co.* v. *Sain,* 90 Ark. 278.

For the error in giving the instructions mentioned the judgment is reversed and the cause is remanded for new trial.

KIRBY, J., not participating.