## FIELD v. VIRALDO.

### Opinion delivered December 1, 1919.

1. DAMAGES—INJURY RECEIVED BY ATTACK FROM A BULL.—Where appellee was attacked by appellant's bull, knocked down and rendered unconscious, a verdict for $300 damages is not excessive.

2. ANIMALS—KEEPING VICIOUS ANIMAL—KNOWLEDGE—NEGLIGENCE.— Where one knowingly keeps a vicious or dangerous domestic animal, he is liable for injuries inflicted by such animal without proof of negligence as to the manner in which the animal was kept. The mere keeping of such an animal, knowing its vicious and dangerous qualities, is at the risk of the owner (except as to trespassers) and renders him liable in damages to anyone injured by such animal.

3. SAME—SAME—SAME—SAME.—The gist of the above rule of law, on the issue of liability, is the known vicious propensities of the animal, and not the kind of animal in other respects.

4. SAME—SAME—SAME—TRESPASSING ANIMAL.—The owner is responsible for the acts of a trespassing animal, whether he knows of its vicious propensities or not, and he is liable for injuries inflicted by a vicious animal, not trespassing, only in case of knowledge of its propensities.

5. SAME—SAME—SAME—STATUTORY LIABILITY.—Kirby's Digest, section 7897, refers only to stallions and unaltered mules running at large, and has no application to bulls.

Appeal from Pulaski Circuit Court, Second Division; *Guy Fulk,* Judge; affirmed.

*J. A. Watkins,* for appellant.

1. Appellant was the only person in his section that had a fence and kept this bull in a pasture enclosed by a lawful and secure fence; and the animal was out on this occasion without his knowledge or consent, though he used due care and caution. The law does not require that appellant should keep the bull within an enclosure. 37 Ark. 568; 46 *Id.* 208; 48 *Id.* 366; 94 *Id.* 458; 61 *Id.* 197. Here appellant intended and did keep the bull enclosed, though not required to do so. 83 N. W. 988.

2. There is no testimony to show a vicious disposition of the bull at any time. 24 L. R. A. (N, S.) 1189-1193. Instruction No. 2 asked by appellant should have been given, as also No. 1½.

*George W. Hays,* for appellee.

1. The judgment should be affirmed, because defendant failed to abstract the motion for new trial. 133 Ark. 196; 87 *Id.* 368; 105 *Id.* 63. Nor is the testimony properly abstracted.

2. The court properly refused to instruct a verdict for defendant. Plaintiff was not guilty of contributory negligence, and such a defense must be specially pleaded affirmatively, and this was not done. 72 Ark. 23; 168 N. W. 852. The jury settled the contention of defendant against him, as the court specifically instructed the jury

on the subject. Plaintiff was not guilty of contributory negligence as a matter of law. 1 R. C. L., par. 31, p. 1087; 168 N. W. 852.

3. Under the issues made by the pleadings, the jury was properly instructed and the testimony abundantly supports the verdict. The evidence was conflicting, and there is no error in the instructions and the verdict will not be disturbed. 48 Ark. 495; 97 Atl. 440; 175 N. Y. S. 16.

4. The law applicable to this case is well settled. 116 Ark. 433-440-1; 1 R. C. L., par. 34, p. 1091. Defendant had knowledge that the bull was vicious. 48 Ark. 366-9; 6 Penn. St. 472; 5 Atl. 458; 65 N. Y. 54; 52 Vt. 251; L. R. 2 C. P. 1; 1 Starkie 285; Cooley on Torts 344; 5 Strobh. 196; 65 Ill. 235; 4 Denio 500; L. R. 9 C. P. 647; Abbott Trial Ev. 645; Sherman & Redfield on Negl., § 190. The cases cited for appellant have no application. The law supports plaintiff's contention. 99 U. S. 645; 124 Mass. 24; 3 C. J. 89. 168 N. W. 852 is directly in point here. As to evidence of peaceable disposition of animal, see 259 Ill. 382; 102 N. E. 782; Am. Ann. Cases, 1914 B, 1272.

5. There were no errors in the instructions. Cases *supra,* and 86 Pac. 1125; 6 L. R. A. (N. S.) 1164 and note, 1169; *Ib.* 1170-1, 1166; 26 N. Y. Weed Digest 236; 4 N. Y. S. 373. The judgment on the whole case is right. 90 Ark. 524.

6. The verdict is not excessive. The amount was for the jury to say, and they have settled it. 130 Ark. 30-37.

7. The abstract is not a compliance with our rules. 105 Ark. 63.

*Gardner K. Oliphint,* of counsel, for appellee on the brief.

McCULLOCH, C. J. This is an action instituted by Mrs. Mattie Viraldo, the appellee, against appellant to recover compensation for personal injuries received by

being attacked and knocked down by a bull owned by appellant and alleged to be vicious. The issues were tried before a jury and the trial resulted in a verdict in favor of appellee for recovery of damages in the sum of $300.

(1) Appellee and her husband resided on a farm in Pulaski County, near appellant's farm. There were no fences in that locality except such as were maintained by farmers to enclose yards, lots and pastures. The house in which appellee lived was not enclosed by any fence. Appellant owned the bull in question, and it attacked appellee one night at her home immediately in front of the house. Appellee testified in her own behalf and described the attack made by the bull and the extent of her injuries. She testified that the bull came to her house one night and attacked a mare belonging to her husband and hooked the mare down. That occurred about ten days before the incident which forms the basis of this litigation. She testified that she was awakened about 12 o'clock at night by a noise in front of the house and she found that the bull was "bothering" her cow, which was chained to a post, and she immediately dressed herself and went out and drove the bull away, using a switch with dry leaves on it which made a noise when threshed against the ground which scared the bull. She untied the cow and started to the barn with it and the bull came with a rush and butted her down and seriously injured her. She was unconscious and was carried to the house and suffered pain and inconvenience for a considerable length of time. There is no doubt that the injuries received were sufficient to warrant the amount of damages assessed by the jury. Appellee testified that after the injury occurred she went up to appellant's house and had a conversation about it in which appellant admitted that the bull was unruly and vicious; that "it took six men to get it home on his place" and "hooked everything down; hooked his own mules down."

The court instructed the jury, in substance, that if the bull had vicious propensities, known to appellant, there was liability on the part of appellant for the inju-

ries inflicted "regardless of whether or not the defendant was negligent in the manner in which the animal was kept by him." The court refused an instruction requested by appellant which would have declared the law to be that if the owner of the bull "exercised over said bull that degree of care and caution that a reasonably prudent and experienced person would have exercised under like circumstances" there was no liability for the injuries inflicted.

The evidence, was, we think, legally sufficient to sustain the finding that the bull was vicious and that its propensities in that respect were known to appellant. Appellee testified about the vicious acts of the bull on two different occasions and the testimony of another witness tends to show that the bull, while at large, showed vicious tendencies. The admissions of appellant made to appellee, according to the latter's testimony, were sufficient to sustain a finding that appellant was advised of those vicious propensities of the bull. The testimony adduced by appellant tended to show that he usually kept the bull in a pasture and did not allow the bull to run at large. The jury might have found, therefore, if the issue had been submitted, that appellant was not guilty of negligence in allowing the bull to get at large.

(2-4) This brings us to the question whether or not the court erred in its instruction in telling the jury that if the bull was vicious, and that those propensities were known to appellant, he would be liable for the injuries inflicted by the bull. There is not entire accord in the authorities on this question, but this court is committed to the rule expressed in the recent case of *Holt, Receiver,* v. *Leslie,* 116 Ark. 433, that if one knowingly keeps a vicious or dangerous domestic animal, he is liable for injuries inflicted by such animal without proof of negligence as to the manner in which the animal was kept. We said in that case: "The mere keeping of such an animal, knowing its vicious and dangerous qualities, is at the risk of the owner (except as to trespassers) and renders him liable in damages to one injured by such animal." This was

said with respect to a vicious dog, and many of the authorities on the subject relate to the keeping of dogs or animals wild by nature. However, the turning point of the question of liability in such cases rests upon the known vicious propensities of the animal, and not to the kind of animal in other respects. The rule established by the weight of authority is that the owner is liable for a trespassing animal whether he knows of the vicious propensities or not, and is liable for injuries inflicted by a vicious animal, not trespassing, only in case of knowledge on the part of the owner of such propensities of the animal. The liability in one case rests on the fact that the animal is trespassing, and in the other on the known vicious propensities of the animal, the law placing on the owner the duty of restraining the animal of known vicious propensities, likely to result to injury to others. *Johnson* v. *Mack,* 65 W. Va. 544, 24 L. R. A. (N. S.), 1189; *Harris* v. *Carstens Packing Co.* (Wash.), 6 L. R. A. (N. S.), 1164, 1 R. C. L., p. 1089.

(5) Appellant relies on the case of *Briscoe* v. *Alfrey,* 61 Ark. 197, but that was a case where liability was sought to be imposed under a statute of this State (Kirby's Digest, § 7897), which prohibits the running at large of stallions and unaltered mules. We held in construing that statute that running at large meant the permissive or negligent act of the owner in allowing the animal to run at large. The later case of *Fraser* v. *Hawkins,* 137 Ark. 214, deals with the same statute. The statute referred to changes in the law with respect to liability as to the animals mentioned, and to that extent only. It places liability on the owner of those animals who permits them to run at large whether the animals are trespassing or whether such animals possess known vicious propensities. The statute, in other words, singles out animals of that character and imposes liability on the owner for vicious acts of the animal, but only in case they are allowed to run at large.

We are of the opinion that the court instructed the jury in accordance with the law as announced by this

court, and that there was no error in the proceedings. The judgment is, therefore, affirmed.