McINTYRE v. PRATER.

4-3480

Opinion delivered September 24, 1934.

*J. O. Goff* and *Howard H. Hasting,* for appellant.
*Fred M. Pickens,* for appellee.

McHANEY, J. Appellant sued appellee to recover damages for personal injuries sustained by her when she was attacked by a vicious bull kept and owned by appellee. It was alleged that the bull was vicious and known to be so by appellant. The record does not contain appellee's answer, and none was actually filed, although the record shows the filing thereof was noted, and the case went to trial as if an answer had been filed, con-

sisting of a general denial of all the allegations in the complaint.

The undisputed evidence shows that appellee owned a bull which he kept in a pasture near the home of appellant; that on the afternoon of January 30, 1933, while appellant was picking up wood in her yard, she was attacked by the bull which had broken out of the pasture where he was kept; that she ran to a nearby tree to escape him, but the bull followed and chased her around the tree until she tried to escape to a fence, but before she could reach the fence, he knocked her down, trampled upon, gored and continued to fight her until he was shot two or three times with a .22 rifle by her daughter-in-law; that appellee came to see her that evening and made the statement that the bull was vicious; and that it had been necessary to remove the bull from the farm operated by his brother to prevent the animal from injuring the children. According to appellant (and corroborated by others present) appellee said: ''I got him from my brother because he fought the children; and I brought him up here.''

At the conclusion of the testimony on behalf of appellant, appellee moved for a directed verdict, which the court granted. Judgment was entered for appellee on the verdict as directed by the court, and the case is here on appeal.

There is no merit in the contention that the appeal should be dismissed because appellee's answer does not appear in the record. According to the record itself, an answer was noted filed, but none was actually filed. Appellee will not be permitted to take advantage of his own neglect in failing to file an answer. The case went to trial as though an answer of general denial had been filed, and we will so treat it here.

On the merits of the case, we are of the opinion that the court erred in directing a verdict for appellee. This was done on the ground, as stated by the court, ''that the proof fails to show that this bull was of that vicious character and disposition.'' But the learned trial court must have overlooked the testimony of appellant and her witnesses as to the statements and admissions of

appellee regarding the vicious propensities of the bull above set out. This was sufficient to take the case to the jury both on the vicious propensities of the bull and appellee's knowledge thereof. It is wholly undisputed, and, even if it were, it would still be a question for the jury. This case is ruled by the decision of this court in *Field* v. *Viraldo,* 141 Ark. 32, 216 S. W. 8, where we said: "This court is committed to the rule expressed in the recent case of *Holt* v. *Leslie,* 116 Ark. 433, 173 S. W. 191, that if any one knowingly keeps a vicious or dangerous domestic animal, he is liable for injuries inflicted by such animal without proof of negligence as to the manner in which the animal was kept. We said in that case: 'The mere keeping of such an animal, knowing its vicious and dangerous qualities, is at the risk of the owner (except as to trespassers) and renders him liable to damages to one injured by such animal'." As we said in the same case, "the admissions of appellant (appellee here) made to appellee (appellant here) according to the latter's testimony were sufficient to sustain a finding that appellant was advised of those vicious tendencies of the bull."

For the error committed in directing a verdict for appellee, the judgment is reversed, and the cause remanded for a new trial.