320

*Paul Sullins* and *Robert R. Wright,* for appellant.

*McMath, Leatherman, Woods & Youngdahl,* for appellee.

George Rose Smith, J.   This is a hernia claim arising under the workmen's compensation law. The commission found that the claimant, Childers, suffered a compensable inguinal hernia on February 12, 1960. The commission's award was affirmed by the circuit court. For reversal the employer contends that the hernia really occurred on February 9, so that the statutory requirements with respect to notice and the attendance of a physician were not met within 48 hours.

Our statute governing hernia cases contains these provisions: ''In all cases of claims for hernia it shall be shown to the satisfaction of the Commission:

''(a)   That the occurrence of the hernia immediately followed as the result of sudden effort, severe strain, or the application of force directly to the abdominal wall;

''(2)   That there was severe pain in the hernial region;

''(3)   That such pain caused the employee to cease work immediately;

''(4)   That notice of the occurrence was given to the employer within forty-eight hours thereafter;

"(5) That the physical distress following the occurrence of the hernia was such as to require the attendance of a licensed physician within forty-eight hours after such occurrence." Ark. Stats. 1947, § 81-1313 (e).

Childers testified that on February 9, while he was at work, a heavy wrench came in contact with his stomach as he was attempting to free certain jack screws. The pain was intense, but it went away after he had rested for five or ten minutes, and he was able to finish the day's work. That night he observed a small lump in the hernial area, but it did not occur to him that he might have a hernia. He did his usual work during the next two days, though with some discomfort.

On February 12 there was a leakage of chlorine gas at the plant. Childers had trouble breathing and coughed steadily for twenty minutes or more. This coughing caused abdominal pain that Childers described as much more severe than that upon the first occasion. In the hernial region "[it] felt like it just broke on through. A big swelling come out." Childers was forced to cease working and was sent to a doctor, who found that he had an inguinal hernia. Childers submitted to an operation on February 24 and was disabled for eight weeks.

Dr. Samuels, testifying as an expert witness for the claimant, was of the opinion that Childers had a congenital abdominal weakness that predisposed him to hernia. With respect to the wrench blow of February 9 Dr. Samuels testified: "I don't think that produced a hernia. Of course, later he had this severe coughing episode due to irritation by some chemical irritation in the plant, and it is my opinion that the pre-existing congenital type hernia then became of clinical significance due to severe coughing and an increase of inner abdominal pressure." Dr. Buchman, testifying for the employer, thought that the hernia occurred on February 9. The commission found that "in all probability, claimant's hernia finally broke through on February 12, 1960, as a result of the excessive coughing."

Special hernia statutes such as ours, it has been said, are intended to distinguish non-industrial congenital hernias from those definitely produced by trauma or effort at work. Larson, Workmen's Compensation, § 39.70. There can be no doubt that it was Childers' work and working conditions that caused his congenital weakness to be converted into an actual case of hernia. Under the appellant's theory Childers' injury could never have been compensable, for the incident of February 9 did not cause him to cease work, as the statute demands, and by February 12 it was too late for him to require the attendance of a physician within the limit of forty-eight hours. It is doubtless true, as the appellant insists, that the onset of hernia may in some cases be too gradual for it to meet the statutory conditions for compensability. In this record, however, there is substantial evidence to support the commission's conclusion that it was not until February 12 that Childers' condition actually became one of hernia. In that view all the statutory requirements are shown to have existed.

Affirmed.