POTLATCH FORESTS, INC. ET AL v. CARL BURKS

5-4554                                     426 S. W. 2d 819

Opinion delivered April 22, 1968

*Williamson, Williamson & Ball,* for appellants.

*Paul K. Roberts,* for appellee.

CONLEY BYRD, Justice. Appellants, Potlatch Forests, Inc., and Hartford Accident & Indemnity Company, appeal from a circuit court order that set aside an order of the Workmen's Compensation Commission denying Carl Burks compensation benefits for a hernia he experienced, because he failed to meet the five requirements laid down in Ark. Stat. Ann. § 81-1313(e) (Repl. 1960). That section provides:

"(e) *Hernia*: In all cases of claims for hernia it shall be shown to the satisfaction of the Commission:

(1) That the occurrence of the hernia immediately followed as the result of sudden effort, severe strain, or the application of force directly to the abdominal wall;

(2) That there was severe pain in the hernial region;

(3) That such pain caused the employee to cease work immediately;

(4) That notice of the occurrence was given to the employer within forty-eight (48) hours thereafter;

(5) That the physical distress following the occurrence of the hernia was such as to require the attendance of a licensed physician within forty-eight (48) hours after such occurrence; . . .''

The facts giving rise to the claim are that on December 22, 1966, while appellee was operating a cut-off saw at appellant Potlatch Forests' plant, a board struck appellee in the stomach just above the belt line. Appellee was knocked backwards a step or two and suffered severe pain in his abdominal region. After resting for a few minutes, he then continued to work until quitting time. Appellee slept very well that night but was still bothered by pain the next morning, Friday, December 23, and although suffering he worked all day.

Appellant's plant closed down Friday, December 23, for the Christmas holidays. On Saturday, December 24, appellee was still suffering and attempted to contact his physician, but was unable to do so. Appellee spent most of this day lying down, as he had found that alleviated the pain.

On Sunday, December 25, appellee still had pain and spent most of the day reclining, which gave him some relief from the pain. He again tried to reach his physi-

cian, but without success. At no time did appellee call any of the other physicians in Warren.

On Monday, December 26, appellee still felt pain and had to lie down most of the day. He was again unable to contact his physician.

On Tuesday, December 27, appellee went back to work, but the pain became so severe that by 9:30 a.m. he was forced to stop working. He then sat down and elevated his feet and by this means got some relief. Appellee also notified his foreman, Mr. Greenwood, that he had injured himself and would have to discontinue work and see a physician. On Tuesday afternoon appellee attempted to reach his physician but was unable to do so.

On Wednesday, December 28, Dr. James W. Marsh, who had been out of town since December 23, returned to Warren. Dr. Marsh examined appellee and diagnosed the trouble as an inguinal hernia.

The evidence also shows that appellee had a hernia on his right side when he went to work for Potlatch in 1936; that subsequently he had a hernia on his left side in 1960, which was repaired; and that the present hernia was just above the one he had in 1960.

When the testimony is viewed in the strongest light in favor of the Commission's finding, as we must do, *Fagan Electric Co.* v. *Green,* 228 Ark. 477, 308 S. W. 2d 810 (1958), we find that there was substantial evidence to support the Commission's denial of relief to appellee.

Appellee, to support the circuit court's decision overruling the Commission, relies upon *The Crossett Co.* v. *Childers,* 234 Ark. 320, 351 S. W. 2d 841 (1961); *Prince Poultry Co.* v. *Stevens,* 235 Ark. 1034, 363 S. W. 2d 929 (1963); and *Williams Mfg. Co.* v. *Walker,* 206 Ark. 392, 175 S. W. 2d 380 (1943).

In the *Crossett* case, testimony showed that on February 9 a heavy wrench came in contact with Childers' stomach; that although he observed a small lump in the hernia area that night, it did not occur to him he might have a hernia; and that subsequently on February 12 there was a leakage of chlorine gas at the plant which caused Childers to cough steadily for twenty minutes or more. It was at that time that a big swelling came out and Childers was forced to cease working. We there held that the occurrence on February 12 was sufficient evidence to support the Commission's conclusion that the hernia occurred as a result of the working conditions on that date.

Nor do we find anything in the *Williams* or *Prince* cases to sustain appellee's position. An estoppel was involved in both of those cases. In the *Williams* case the employee suffered an injury causing a cessation of his work which was promptly reported to the employer and which the employer's doctor was unable to diagnose as a hernia within the 48-hour period. In the *Prince* case, claimant promptly reported his injuries to the employer, but because of the employer's heavy work schedule he continued to work, at the employer's specific request and with the aid of others furnished by the employer, beyond the 48-hour deadline for attendance by a physician. The estoppel present in those two cases is not present here.

Reversed and remanded.