CHARLES M. KING *v.* PURYEAR WOOD PRODUCTS ET AL

73-16                                              494 S.W. 2d 123

Opinion delivered May 14, 1973

*Brockman, Brockman & Gunti,* for appellant.

*Coleman, Gantt, Ramsay & Cox,* by: *Jeff Starling,* for appellees.

JOHN A. FOGLEMAN, Justice. This is a "hernia" workmen's compensation case. See Ark. Stat. Ann. § 81-1313 (e) (Repl. 1960). The appellant contends that the commission erred in not granting him a temporary total disability award because under the allegedly undisputed facts, he sustained a compensable hernia resulting from severe strain which arose out of and in the course of his employment. We find substantial evidence to support the commission's finding denying recovery.

The evidence and testimony reveal that appellant's work involved removing boards from a conveyor belt and placing them on a lower shelf. At approximately 11:00 a.m. on the day of the alleged injury, the claimant suffered a "sharp pain" in the groin area, but continued working until his lunch break. After returning from lunch, appellant again suffered these pains and was forced to quit work. Here the evidence becomes conflicting as to what occurred prior to these pains. There was testimony that they resulted from an increased tempo of the conveyor belt. However, appellant admitted having signed a statement relating that he could recall no particular act which caused the pain.

After quitting work in the afternoon, appellant visited a Dr. Blackwell, who diagnosed the alleged injury. His

letter constitutes the principal medical evidence adduced by the appellant. This letter revealed that appellant was suffering from a double hernia. One was a moderately large indirect left inguinal hernia, and the other was a right definite indirect inguinal hernia. The letter also revealed that the left hernia was in existence prior to the alleged injury, having been diagnosed by Dr. Blackwell in 1968.

The only issue before the commission was whether or not the appellant had satisfied the first three of the five requirements of the hernia statute. That statute requires:

(1) That the occurrence of the hernia immediately followed as the result of sudden effort, severe strain, or the application of force directly to the abdominal wall;

(2) That there was severe pain in the hernial region;

(3) That such pain caused the employee to cease work immediately; * * *.

The commission found that the appellant did not prove these three requirements by a preponderance of the evidence, and we find substantial evidence to support that finding.

The policy underlying these rather strict requirements is designed to make the award of compensation for a hernia dependent on the manner in which the hernia occurred and not on its mere existence. This was amply stated in *Harkleroad* v. *Cotter*, 248 Ark. 810, 454 S.W. 2d 76, where we said:

Consequently, the people have seen fit to make, and the legislature has seen fit to leave, a compensable hernia a rather dramatic occurrence under the statute, with little or no room left for question or doubt that it did occur within the course of employment as an immediate result of sudden effort, severe strain or force applied to the abdominal wall. The wording of the statute assumes the existence of a hernia. The statutory requirements of proof are directed at *claims*

for hernia and not the existence or occurrence of a hernia.

Another rationale for these requirements is to separate congenital or pre-existing hernias from those resulting from trauma or effort at work. *The Crossett Co.* v. *Childers,* 234 Ark. 320, 351 S.W. 2d 841. See also, Larson, Workmen's Compensation § 39.70. Thus, since the only evidence with respect to the left hernia reveals that it was in existence prior to the date of the alleged injury, unquestionably, the commission was correct in denying recovery. *Potlatch Forests* v. *Burks,* 244 Ark. 714, 426 S.W. 2d 819. See also, *Crossett Co.* v. *Childers,* supra; Larson, Workmen's Compensation, supra.

The denial of recovery based on failure to meet the statutory requirements for the right hernia is also supported by substantial evidence. There was no direct proof that the hernia resulted immediately from sudden effort, strain, or the application of force directly to the abdominal wall. Also, a portion of the doctor's letter revealed that when the claimant first visited the doctor after his alleged injury, he complained of pain on his left side only and not his right. This we find to be substantial evidence to refute appellant's contention that he had met the severe pain requirement with respect to the right hernia.

The conflict in the appellant's affidavit and testimony, the demeanor of the witnesses and any inferences to be drawn therefrom were matters solely within the province of the commission. See *May* v. *Crompton-Arkansas Mills,* 253 Ark. 1080, 490 S.W. 2d 794; *Brower Manufacturing Company* v. *Willis,* 252 Ark. 755, 480 S.W. 2d 950.

Since there was substantial evidence to support the commission's findings and there were questions of credibility involved, the judgment is affirmed.