Henry L. HUMBERT, Employee *v.*
ARKANSAS STATE HIGHWAY AND
TRANSPORTATION DEPARTMENT,
Self-Insured Employer

CA 80-277                                                   606 S.W. 2d 377
Court of Appeals of Arkansas
Opinion delivered October 22, 1980

*Jim Merritt* and *Donald Frazier*, by: *Donald Frazier*, for appellant.

*Robert L. Wilson*, for appellee.

JAMES H. PILKINTON, Judge. This is a hernia claim arising under the Arkansas Workers' Compenstion law. The Workers' Compensation Commission denied the claim, and claimant has appealed.

It is undisputed that appellant had a hernia and was disabled from January 12, 1979, through March 5, 1979, and that certain medical treatment was rendered to him as a result of the hernia. Appellant contends that he was injured on January 12, 1979, resulting in a hernia condition; that he was disabled for six weeks; and is entitled to benefits under Ark. Stat. Ann. § 81-1313(e) (Repl. 1976). Appellee contends, and the Commission found, that appellant's hernia resulted from a prior injury on May 24, 1978, and was barred.

On May 24, 1978, while working with the Arkansas Highway Department, appellant lifted a bag of cement and his foot slipped. He felt a pain in his stomach. He did not report this injury to his employer. He testified that he was attended at the time of this incident by a "Dr. Ben," a local practitioner, but this physician is not further identified by the record, and appellant offered no report or testimony from his

doctor. On June 5, 1978, appellant went to Dr. A. K. Busby because of his May, 1978, injury. He was treated and returned to work and did not see the doctor again until January 12, 1979.

On January 12, 1979, appellant was still working for the Arkansas Highway Department. He normally drove a truck for a "sealing crew" but because of a recent ice storm appellant was removing trees and debris from the right-of-way when he was allegedly injured. He testified that after cutting on a tree and moving it, he found a knot on his stomach. He says he immediately quit work and sat down. After trying to resume work, and finding that he could not, he reported his condition to his foreman. Appellant was then seen by Dr. Busby that afternoon. Dr. Busby operated on appellant four days later and repaired the hernia. Appellant returned to work on March 5, 1979.

As the Commission pointed out, whether or not this second lifting incident caused the hernia, or caused a re-injury or aggravation is a medical question. While Dr. Busby's evidence is not too clear in all details, his testimony concerning appellant's condition is best summarized by the following:

> . . . We treated him symptomatically and apparently he did all right, because he never returned from this. But this didn't mean the hernia went away. The hernia was still there.

> So now whether or not he — I mean, if you can say a reinjury causing it, no, the hernia is the same hernia that he had to begin with. In other words, we didn't have a new hernia; we've got the same hernia. . . .

A thorough review of Dr. Busby's testimony convinces us there is substantial evidence to support the Commission's conclusion that the hernia condition for which appellant was treated was the result of the lifting incident of May, 1978. There is also substantial evidence to support the conclusion that appellant did not make the showing required by statute to support a claim for hernia.

The Arkansas Workers' Compensation statute does not provide benefits for every injury sustained by an employee in the course of his employment. *Harkleroad* v. *Cotter*, 248 Ark. 810, 454 S.W. 2d 76 (1970). The statute provides no benefits in claims for hernia unless five different things are shown to the satisfaction of the Commission. Ark. Stat. Ann. § 81-1313(e). The statute is plain as to what must be shown in order to establish a claim for hernia. There is substantial evidence in this record to support the Commission's finding that appellant failed to make such showing. In dealing with this subsection of the Act, the Arkansas Supreme Court in *Harkleroad* v. *Cotter, supra*, said:

> ... It might be argued, with considerable logic, that the specific statutory requirements as to proof in claims for hernia, penalize the honest, industrious and conscientious workman who fails or refuses to put down his tools immediately and rush to a doctor every time he feels pain following sudden strain or effort. The record before us in the case at bar indicates that the appellee was just such a workman. It is a well recognized fact, however, that hernias may occur following any one of the numerous strains and efforts the average active individual workman may encounter during the 128 hour rest week, as well as during the 40 hour work week. It is a matter of common knowledge that witnesses do not *see* hernias sustained by fellow workmen as they would see a broken leg or broken arm. Consequently, the people have seen fit to make, and the legislature has seen fit to leave, a compensable hernia a rather dramatic occurrence under the statute, with little or no room left for question or doubt that it did occur within the course of employment as an immediate result of sudden effort, severe strain or force applied to the abdominal wall. The wording of the statute assumes the existence of a hernia. The statutory requirements of proof are directed at *claims* for hernia and not the existence or occurrence of a hernia ...

As stated, the Commission found that appellant suffered a hernia injury while working for the Arkansas Highway Department in May of 1978, while unloading bags of cement.

This court on appeal is required to view the testimony in the light most favorable to the Commission's findings. When we do this, there is substantial evidence to support this decision. The evidence shows appellant went to Dr. Busby in June of 1978 for his injury in May, but continued working for the state. On or about January 12, 1979, he suffered additional pain in the abdominal area when moving logs.

In seeking reversal appellant relies on *The Crossett Company* v. *Childers*, 234 Ark. 320, 351 S.W. 2d 841 (1961); *Prince Poultry Company* v. *Stevens*, 235 Ark. 1034, 363 S.W. 2d 929 (1963); and *Williams Manufacturing Company* v. *Walker*, 206 Ark. 392, 175 S.W. 2d 380 (1943). We do not find these cases to be persuasive in the present case since it is clear that the claimant failed to give notice of the occurrence to his employer within 48 hours and he did not seek medical attention within 72 hours.

Appellant argues that it was not until January 12, 1979, that his working caused his congential weakness to be converted into an actual case of hernia. There is no substantial evidence, however, to support this theory; and there is substantial evidence to support the Commission's conclusion that the hernia resulted from the May, 1978, incident.

Affirmed.